UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO ZAMUDIO-REYES,<br>    Petitioner,<br>    v.<br>M. E. SPEARMAN, Warden,<br>    Respondent.<br>_____/ | No. C-13-3175 EMC (pr)<br><br>**ORDER ON INITIAL REVIEW** |

## I.    INTRODUCTION

Petitioner, an inmate formerly at the Correctional Training Facility in Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    BACKGROUND

The petition and attachments thereto provide the following information: Petitioner pled no contest and was convicted in Sonoma County Superior Court of having sex with a person unable to give legal consent (viz., a 55-year old developmentally disabled woman) and rape by force. *See* Cal. Penal Code § 261(a)(1)-(2). On May 14, 2010, he was sentenced to six years in state prison. He states that he appealed, although it appears that he is referring to his state habeas petitions. *See* Docket # 1, p. 3. His state habeas petitions in 2012-2103 were unsuccessful.

Petitioner then filed this action, seeking a writ of habeas corpus. The petition came to the Court in an envelope postmarked July 8, 2013, and was stamped "filed" on July 10, 2013.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after Petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and Court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, Respondent must either (1) move to

dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## IV. CONCLUSION

Good cause appearing therefor,

1. The Clerk shall serve a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent must file with the Court and serve upon Petitioner, on or before **February 14, 2014**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3. If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **March 14, 2014**.

4. Respondent may file and serve a reply on or before **March 28, 2014**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

6. Petitioner neglected to sign the petition he filed. The Clerk will mail Petitioner a copy of his petition so that he may sign it and return it to the Court. Petitioner must submit a *signed* copy of his petition no later than **January 10, 2014** or this action will be dismissed.

IT IS SO ORDERED.

Dated: December 11, 2013

_____
EDWARD M. CHEN
United States District Judge