UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO ZAMUDIO-REYES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. E. SPEARMAN,<br><br>　　　　　Defendant. | Case No. 13-cv-03175-VC<br><br>**ORDER GRANTING PETITIONER EXTENSION OF TIME TO OPPOSE MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Petitioner Socorro Zamudio-Reyes has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent M.E. Spearman has filed a motion to dismiss based on untimeliness. Zamudio-Reyes' opposition was due on May 16, 2014, but he has not filed it. For the reasons stated below, the Court grants Zamudio-Reyes a twenty-eight day extension of time to file his opposition.

## BACKGROUND

On April 15, 2010 in Sonoma County Superior Court, Zamudio-Reyes pleaded no contest to sexual intercourse with a person incapable of giving consent and rape by force of the same victim. Pet., Exh. A, *People v. Zamudio-Reyes*, No. SCR-579487 (Sup. Ct. Nov. 29, 2012) Ruling on Petition for Writ of Habeas Corpus at 1. On May 14, 2010, the court sentenced Zamudio-Reyes to six years in state prison. *Id.* Zamudio-Reyes did not appeal the judgment. *Id.*

On May 21, 2012, Zamudio-Reyes filed an ex-parte motion in Sonoma County Superior Court requesting a ruling on whether a count was dismissed as part of his plea agreement. Resp.'s Exh. 1. On June 12, 2012, the Superior Court issued an order on that motion. Resp.'s Exh. 2

On October 22, 2012, Zamudio-Reyes filed a petition for a writ of habeas corpus in Sonoma County Superior Court. Resp.'s Exh. 3. On November 29, 2012, the court denied the petition. Resp.'s Exh. 4.

On January 7, 2013, Zamudio-Reyes filed a petition for a writ of habeas corpus in the California Court of Appeal, which was denied on January 9, 2013. Resp.'s Exh. 5. On March 4, 2013, Zamudio-Reyes filed a petition for a writ of habeas corpus on the California Supreme Court, which was denied on April 17, 2013. Resp.'s Exhs. 6, 7.[1] On July 10, 2013, Zamudio-Reyes filed this federal petition for a writ of habeas corpus.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, a petitioner must file a habeas petition in federal court within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Zamudio-Reyes did not pursue direct review of his conviction, his judgment became final upon the expiration of time for seeking such review, which was sixty days after the imposition of his sentence. *See* Cal. Rules of Court, rule 8.308(a). Zamudio-Reyes was sentenced on May 14, 2010 and his judgment became final sixty days later, on July 13, 2010. The federal limitations period expired one year later on July 13, 2011. Because Zamudio-Reyes did not file his federal petition until July 10, 2013, almost two years after the limitations period had expired, the petition is untimely unless he can show that he is entitled to statutory or equitable tolling.

**I.     Statutory Tolling**

AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), *abrogated on other grounds by Pace v.*

---

[1] Zamudio-Reyes filed a second petition for a writ of habeas corpus in the state courts asserting a claim that his release date was calculated incorrectly. This claim is not included in his federal petition. The second state petitions have no bearing on this motion to dismiss.

2

1  *DiGuglielmo*, 544 U.S. 408 (2005).  A properly filed state petition tolls the statute of limitations
2  from the time the first state petition is filed until the California Supreme Court rejects the final
3  petition.  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, an application for state
4  post-conviction or other collateral review filed after the federal limitations period has ended
5  cannot toll the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)
6  (section 2244(d) does not permit reinitiation of limitations period that has ended before state
7  petition was filed, even if state petition was timely filed).

8  Zamudio-Reyes' state habeas petition was filed after the federal limitations period had
9  ended; therefore, he is not entitled to statutory tolling.

## II.     Equitable Tolling

In his federal petition, Zamudio-Reyes indicates that he is a "layman of the law," and "speaks no [E]nglish."  He also alleges that the prison law library does not have Spanish law books nor any person "mandated to help and or assist anyone other than those designated as ADA."  Pet. at 9.  His petition also alleges: (1) "the library has not functioned in an adequate manner for approx. [sic] the time that Petitioner arrived here;" and (2) "Petitioner has procured the help of a jail house litigator in his appeal, this through the help of an interpreter."  Pet. at 9.  In an affidavit submitted with his state court petition, Zamudio-Reyes states that he has

> made continuous and diligent attempts, both through personal trying and through an interpreter, tried to gain access of Spanish speaking material so that I could facilitate my appeal and thus, appeal that I feel was contrary to my rights . . . .  Both during my stay in the CDCR Reception Center and here at this institution, I have attempted to gain access of Spanish speaking materials but have been told that not only are they not available but, there is no copy of the "AEDPA" so that I could learn and or understand that there was/is a time limit to facilitate my appeal.  It must be understood, I have gained helped [sic] with this letter and have as well, gotten help with the writ, not only from an interpreter but, a gentle-men [sic] who does legal work on the yard has given his time to me as well.

Pet. at 21.

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of

3

limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and made it impossible to file a petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418).

*Mendoza v. Carey*, 449 F.3d 1055, 1069 (9th Cir. 2006), addressed, as an issue of first impression in the Ninth Circuit, whether a habeas petitioner's inability to obtain Spanish-language materials or procure translation assistance can be grounds for equitable tolling. Mendoza had provided detailed facts concerning his inability to obtain legal materials written in Spanish in two different prison law libraries, a declaration concerning his efforts to obtain legal materials in Spanish and to find staff persons or inmates who spoke Spanish. *Id.* at 1067-68. He also stated in his declaration that he would have challenged his conviction within one year if he had seen any notice alerting him to the one year limitations period. *Id.* at 1068. The court concluded that the combination of a prison law library's lack of Spanish-language legal materials and a petitioner's inability to obtain translation assistance before the one-year deadline could constitute the extraordinary circumstances necessary for equitable tolling. *Id*. It further concluded that a non-English-speaking petitioner seeking equitable tolling must demonstrate that, during the one-year limitations period, he was unable, despite diligent efforts, to procure either legal material in his language or translation assistance from an inmate, library personnel, or other source. *Id.* at 1070. The court remanded to the district court for factual development of the record because Mendoza "alleged that he lacks English language ability, was denied access to Spanish-language legal materials, and could not procure the assistance of a translator during the running of the AEDPA limitations period. . . ." *Id.* at 1071.

Spearman argues that Zamudio-Reyes' allegations are insufficient to warrant equitable relief because they are summary, conclusory and without the detail provided by the petitioner in *Mendoza*. He also points out that Zamudio-Reyes fails: (1) to describe his efforts to obtain Spanish-language legal materials from any source other than the prison law library; (2) to show

4

that he asked anyone other than prison law library staff to translate the available English-language legal materials to him; and (3) to indicate when he undertook his efforts to obtain translation assistance.

Spearman's arguments are well-taken. However, in the interests of justice, the Court grants Zamudio-Reyes an extension of time to file an opposition to the motion to dismiss to address Spearman's arguments pertaining to equitable tolling. The Court notes that, in Zamudio-Reyes' petition and affidavit, he states that he procured the help of a jailhouse attorney and an interpreter. If Zamudio-Reyes procured this help during the one-year limitations period, he does not qualify for equitable tolling. For equitable tolling to apply, Zamudio-Reyes must establish that, during the one-year limitations period, he was unable, despite diligent efforts, to procure either legal material in his language, legal assistance, or translation from an inmate, library personnel, or other source. *See Mendoza*, 449 F.3d at 1070. In order to establish this, he must file with his opposition, a declaration, under penalty of perjury, detailing such efforts he made, when he made them and how they were or were not successful.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Within twenty-eight days from the date of this order, Zamudio-Reyes may file an opposition to Spearman's motion to dismiss in accordance with this order. If Zamudio-Reyes does not file an opposition within this time period, he will not have carried his burden to establish equitable tolling, Spearman's motion to dismiss will be granted and this case will be dismissed.

2. If Zamudio-Reyes files an opposition, Spearman shall file a reply within fourteen days thereafter.

3. It is Zamudio-Reyes' responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Spearman's counsel all communications with the Court by mailing a true copy of the document to Spearman's counsel.

4. Extensions of time are not favored, though reasonable extensions will be granted. Any

1  motion for an extension of time must be filed no later than ten days prior to the deadline sought to
2  be extended.
3  **IT IS SO ORDERED.**
4  Dated: October 8, 2014

_____
VINCE CHHABRIA
United States District Judge

<div style="float:left">United States District Court<br>Northern District of California</div>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOCORRO ZAMUDIO-REYES,

    Plaintiff,

  v.

M. E. SPEARMAN,

    Defendant.

Case No. 13-cv-03175-VC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/8/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Socorro  Zamudio-Reyes ID: AD-2494
Central Valley MCCF
P.O. Box 638
A3-21
McFarland, CA 93250

Dated: 10/8/2014

Richard W. Wieking
Clerk, United States District Court

By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA

7