1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   SOCORRO ZAMUDIO-REYES,                    Case No.  13-cv-03175-VC

Petitioner,

8                                            **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

9       v.

Re: Dkt. No. 9

10  M. E. SPEARMAN,

Respondent.

11
12
13          Petitioner Socorro Zamudio-Reyes filed a *pro se* petition for a writ of habeas corpus under

14  28 U.S.C. § 2254.  Respondent M.E. Spearman filed a motion to dismiss based on untimeliness;

15  Zamudio-Reyes did not file an opposition.  On October 8, 2014, the Court issued an order granting

16  Zamudio-Reyes additional time to file an opposition to address whether equitable tolling based on

17  his inability to speak English applied to his petition.  Zamudio-Reyes has filed an opposition and

18  Spearman has filed a reply.[1]  For the reasons discussed below, the Court grants the motion to

19  dismiss.

20                                  **DISCUSSION**

21  **I. Equitable Tolling**

22          In its October 8, 2014 Order, the Court stated that the allegations in Zamudio-Reyes'

23  complaint, that he speaks no English and that the prison law libraries were inadequate, were

24  insufficient to warrant equitable tolling.  Dkt. No. 12 at 4-5.  The Court noted that, under *Mendoza*

25  *v. Carey*, 449 F.3d 1055, 1069 (9th Cir. 2006), for equitable tolling to apply, "Zamudio-Reyes

26
27  _____

[1] After briefing was completed and without seeking leave of the Court, Zamudio-Reyes filed a
28  document titled, "Second Reply to Motion to Dismiss."  This document appears to repeat
arguments Zamudio-Reyes presented in his opposition.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    must establish that, during the one-year limitations period [under the Antiterrorism and Effective

2    Death Penalty Act ("AEDPA")], he was unable, despite diligent efforts, to procure either legal

3    material in his language, legal assistance, or translation from an inmate, library personnel or other

4    source.  In order to establish this, he must file with his opposition, a declaration, under penalty of

5    perjury, detailing such efforts he made, when he made them and how they were or were not

6    successful."  *Id.* at 5 (citing *Mendoza*, 449 F.3d at 1070).

7        In Zamudio-Reyes' opposition, which is written under penalty of perjury, he states the

8    following:  During the one-year federal limitations period for filing his habeas petition, Zamudio-

9    Reyes was housed at two different prisons: the reception center at San Quentin State Prison and

10   the Correctional Training Facility-North in Soledad.  Dkt. 13 at 2.  While at the San Quentin

11   reception center, he "was unable to go to a law library as reception is usually always on

12   lockdown."  *Id.*  He did "not know the law" and "could not have known what to ask for and thus

13   could not have known about AEDPA timelines.  AEDPA is not posted anywhere in the facility."

14   *Id.* at 2-3.  When Zamudio-Reyes was transferred to Soledad, he visited the law library, but could

15   not find any Spanish–language legal material or library staff to help him with research or

16   translation.  *Id.* at 3.  Furthermore, information about AEDPA was not posted in any language.  *Id.*

17   Therefore, Zamudio-Reyes had no knowledge of the AEDPA requirements.  *Id.*  Also, due to the

18   nature of Zamudio-Reyes' sexual offense, he was unable to openly discuss his case with other

19   inmates.  *Id.*  It took almost two years for him to build a trusting friendship with another inmate

20   from whom he received assistance.  *Id.*  Zamudio-Reyes attempted to gain assistance from outside

21   sources by writing to the prison law offices, United States Customs and Immigration and the

22   consulate in Fresno but received no responses.  *Id.* at 4.

23       These allegations do not justify equitable tolling.  Zamudio-Reyes does not allege San

24   Quentin lacked Spanish-language materials, and therefore he has not shown he lacked access to

25   such materials throughout the one-year limitations period.  Zamudio-Reyes mentions that he was

26   on lockdown at San Quentin, but he does not say he was always on lockdown, and in any event

27   lockdown does not in itself warrant equitable tolling.  *See, e.g., Williams v. Salazar*, 2008 U.S.

28   Dist. LEXIS 24392, *9 (E.D. Cal. 2008).  Moreover, Zamudio-Reyes relies heavily on factors that

2

do not justify equitable tolling, such as his lack of awareness of the law and his inability to build a relationship of trust with other inmates.  Finally, the record shows that Zamudio-Reyes had access to translation services in May 2012, when he filed an ex parte application with the Sonoma County Superior Court.  This raises an inference that he could have availed himself of these services in the subsequent months, but he nonetheless delayed significantly in filing his state habeas petition.

## II. Ineffective Assistance of Counsel Claim

Zamudio-Reyes argues that his ineffective assistance of counsel claim is timely based on *Padilla v. Kentucky*, 559 U.S. 356 (2010).  This claim is based on his trial counsel's failure to inform him of the deportation consequences of his guilty plea.  Petition at 13.  *Padilla* held that constitutionally competent counsel would advise their clients of the deportation consequences of a guilty plea and, therefore, it applies to Zamudio-Reyes' ineffective assistance of counsel claim. 559 U.S. at 360.  But *Padilla* does not change the date the statute of limitations started to run on this claim.  *Padilla* was issued on March 31, 2010 and Zamudio-Reyes pled guilty on April 15, 2010.  Because *Padilla* was decided before Zamudio-Reyes pled guilty, the one-year statute of limitations had not begun to run at the time *Padilla* was decided.  Therefore, starting the statute of limitations on the date *Padilla* was decided would not provide a later start date for the claim.

## III. Claim of Actual Innocence

Zamudio-Reyes next argues that his petition is timely because newly discovered evidence shows that he is innocent.

A showing of actual innocence can provide a gateway to federal habeas review of a petition filed after AEDPA's statute of limitation expired.  *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931- 32 (2013) (holding that actual innocence showing applies to claims filed after AEDPA statute of limitation has run); *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc) (same).  The actual innocence gateway requires a petitioner to "produce sufficient proof of his actual innocence."  Id. at 937.  A petitioner must support his claim of actual innocence "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  He must "show that it is more likely than not that no reasonable juror would have

3

convicted him in light of the new evidence." *Id.* at 327.

Zamudio-Reyes' new evidence is a copy of a laboratory report that was prepared at the time of his arrest indicating that there was no detection of his sperm in the victim's vaginal swab and no observation of blood on his penile swab. *See* Opp., Ex. B. When Zamudio-Reyes pled guilty, no further testing was conducted on the other evidence that had been submitted to the laboratory. *Id.* He contends that the report was sent to him by the public defender's office in June 2014. The findings in the partial report, even if new, are not adequate to show that, had it been presented at trial, no reasonable juror would have convicted Zamudio-Reyes.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Respondent's motion to dismiss based on untimeliness is granted.

2. This order terminates docket number 9.

3. The Clerk of the Court shall enter a separate judgment and close the file.

**IT IS SO ORDERED**.

Dated: December 8, 2014

_____
VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

4

1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    SOCORRO ZAMUDIO-REYES,                    Case No.  13-cv-03175-VC

              Plaintiff,
8
                                              **CERTIFICATE OF SERVICE**
9          v.

10   M. E. SPEARMAN,

11            Defendant.

12         I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
     District Court, Northern District of California.
13
           That on 12/8/2014, I SERVED a true and correct copy(ies) of the attached, by placing said
14   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
     said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
15   located in the Clerk's office.

16

17   Socorro  Zamudio-Reyes ID: MADF 10115619
     2777 Ventura Avenue
18   Santa Rosa, CA 95403

19

20
     Dated: 12/8/2014
21

22                                            Richard W. Wieking
                                              Clerk, United States District Court
23

24

25                                            By:_____
                                              Kristen Melen, Deputy Clerk to the
26                                            Honorable VINCE CHHABRIA

27

28