# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

SOCORRO ZAMUDIO-REYES,

Plaintiff,

v.

M. E. SPEARMAN,

Defendant.

Case No. 13-cv-03175-VC

**ORDER DENYING PETITION**

Re: Dkt. No. 1

Assuming for argument's sake that the petition is timely, that Zamudio exhausted his *Padilla* claim, and that counsel performed deficiently by failing to advise Zamudio that pleading guilty would prevent him from eventually applying for legal status in the United States, Zamudio has not raised any serious questions on the issue of prejudice. As is relevant here, for prejudice, the "petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"—that "but for counsel's errors, [he] would . . . have gone to trial . . . ." *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015) (citing *United States v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004); *see Strickland v. Washington*, 466 U.S. 668, 694 (1984). With *Padilla* claims in particular, a petitioner can show that rejecting a plea bargain would have been rational by "demonstrat[ing] clearly that she placed a 'particular emphasis' on the immigration consequence of a plea in deciding whether or not to accept it." *Rodriguez-Vega*, 797 F.3d at 789 (quoting *United States v. Kwan*, 407 F.3d 1005, 1017-18 (9th Cir.2005)).

Here, the record does not contain any hint that Zamudio placed a "particular emphasis" on preserving the ability to apply for legal status in the United States someday. Zamudio argues

that, although he did not have legal status in 2010, it was important for him to preserve his ability to apply for legal status because "he had his whole life in the United States . . . and the conditions in Mexico were dangerous." But that's it. He points to no family ties, conversations with counsel, or anything else to indicate that he was concerned with this particular immigration consequence to such an extent that going to trial would have been rational. Indeed, he points to nothing that suggests he was concerned with immigration consequences at all (be it deportation or a permanent bar on naturalization), much less the fairly idiosyncratic concern he now identifies about being able to apply for legal status some time in the future after being deported. *See id.* (finding prejudice when the petitioner "made a concerted effort to avoid separation from her family, all of whom reside in the United States" and had "numerous conversations with her counsel regarding the immigration consequences of her plea"); *United States v. Sun Hwang*, 658 F. App'x 874, 877 (9th Cir. 2016) (finding prejudice when the petitioner "asked her attorney repeatedly about the immigration consequences of her case, and . . . sought further clarity on the effect of a guilty plea by seeking the advice of immigration specialists").

All Zamudio's other claims are clearly lacking in merit for the reasons set forth in the state's papers. A certificate of appealability will not issue for any of Zamudio's claims. *See* 28 U.S.C. § 2253(c). They are not ones where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of the state and close the file.

**IT IS SO ORDERED.**

Dated: June 24, 2021

_____

VINCE CHHABRIA
United States District Judge